UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL E. JOAQUIN,

Petitioner,

-v-

BRANDON J. SMITH,

Respondent.

21 Civ. 9372 (PAE) (SLC)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On November 10, 2021, petitioner Miguel E. Joaquin ("Joaquin") filed a *pro se* petition

for a writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, challenging his 2011

judgment of conviction (the "Judgment") in New York State Supreme Court, Bronx County.

Dkt. 1. Joaquin is currently incarcerated at Gouverneur Correctional Facility serving an

aggregate term of 20 years' imprisonment for kidnapping in the second degree and robbery in the

first and second degrees. *Id.* at 1, 23, 26. The Petition argues that Joaquin "was denied his Sixth

Amendment right[] to the effective assistance of counsel" because his trial attorney failed to "file

a timely speedy trial motion that would have resulted in the indictment being dismissed" and

"preserve issues regarding [a] witnesses [sic] invocation of the Fifth Amendment [on] over 30

occasions." *Id.* at 5.

On November 15, 2021, the Court referred this case to the Hon. Sarah L. Cave,

Magistrate Judge. Dkt. 3. On November 19, 2021, Judge Cave issued an order to show cause to

Joaquin, directing him to file a declaration "showing why the Petition should not be dismissed as

time-barred." Dkt. 5 at 1. On January 14, 2022, Joaquin sought an extension of the deadline to

file the declaration, which Judge Cave granted. Dkt. 6; *see* Dkt. 7 (granting the request). On

March 1, 2022, Joaquin sought another extension, which Judge Cave also granted. Dkt. 8; *see*

Dkt. 9 (granting the request). On April 4, 2022, Joaquin filed an unnotarized declaration and

sought an extension to file a notarized version, which was again granted. Dkt. 10; *see* Dkt. 11

(granting the request). On April 19, 2022, Joaquin filed the notarized declaration. Dkt. 12 (the

"Declaration").

On December 30, 2022, Judge Cave issued a Report and Recommendation. Dkt. 15 (the

"Report"). It recommends that the Court deny the Petition as time-barred. The Report noted that

the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of

limitations on federal habeas corpus petitions filed by prisoners in custody pursuant to a state-

court judgment. *Id.* at 6–7; *see* 28 U.S.C. § 2244(d). Joaquin, however, did not file the Petition

within one year of the Judgment's becoming final on November 30, 2017. Report at 8–9 (citing

28 U.S.C. § 2244(d)(1)(A)). He first filed the Petition on October 20, 2021, nearly four years

after the Judgment became final. *Id.* Further, the Report concluded, the Petition is not eligible

for tolling under any statutory exception to the AEDPA's statute of limitations, or under any

theory of equitable tolling. *Id.* at 9–13.

On January 19, 2023, Joaquin filed objections to the Report. Dkt. 16 ("Obj."). On

February 6, 2023, the Court stated in an order that it would treat Joaquin's objections as timely

and ordered any response from respondent, warden Brandon J. Smith ("Smith"), by February 17,

2023. Dkt. 17. Smith neither filed his own objections to the Report nor responded to those from

Joaquin.

For the following reasons, the Court adopts the Report in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

Joaquin makes various objections, focused on the Report's conclusion that he has not articulated reasons for filing the untimely Petition that qualify as "extraordinary circumstances," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), so as to support equitable tolling. *See* Obj. at

3

3–6.  In the Declaration, Joaquin attested that an attorney who represented him never informed

him of the deadline for seeking habeas relief.  The Report rejected that reason, rightly noting

Second Circuit authority that "to rise to the level necessary to constitute an 'extraordinary

circumstance,' for purposes of tolling § 2254's limitation period, attorney negligence must be so

egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v.

Fischer*, 687 F.3d 514, 538 (2d Cir. 2012).

In his objections, Joaquin pivots to different explanations for why he failed to file the

Petition within the limitations period.  A court "generally [will not] consider new evidence raised

in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*,

No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

However, out of solicitude for Joaquin's status as a *pro se* plaintiff, the Court reviews Joaquin's

new reasons for why he is entitled to equitable tolling.

Joaquin, in his objections, states the following:

> Petitioner here has a lack of former education and cannot adequately recall the last grade he completely [sic] in New York City's Public Schools.  Additionally, petitioner has no command of the English Language but is able to reasonably converse in English.  While current case law places the onus clearly upon the shoulders of the petitioner to know the law applicable to 28 U.S.C. 2254 and the tolling regulations under the AEDPA, this layman-petitioner suggests that this requirement is often a huge burden to overcome even in the case of members of the bar, who often are only familiar with State Law, unless their practice is based upon federal litigation.  Here, it is offered that the United States Supreme Court has already articulated when and under what circumstances a defendant in a state criminal trial has a constitutional right to self-representation (*pro se*) and believes that nothing less should be the mandate when a Petitioner proceeds *pro se* in a Federal Habeas Corpus proceeding.

> Petitioner submits that the same rules applied to a defendant seeking to represent himself at a hearing or criminal trial should be applied is seeking to hold a Petitioner responsible for being able to prose in Federal Habeas Corpus proceeding or understanding the applicable Federal Laws (*see Faretta v. California*, 422 U.S. 806 (1975)).

4

In *Faretta*, the Court held "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits (*Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (*cf.* citation omitted). Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently to choose self-representation, *he should be made aware of the dangers and disadvantages of self-representation*, so that the record will establish that "*he knows what he is doing and his choice is made with eyes open.*" (citing *Adams v. United States ex. rel. McCann*, 317 U.S. 269 (1942)).

In the case at bar, the Petitioner, in proceeding *pro se* in status only, has received no such warning and certainly does not have his eyes open regarding the Federal Law and any laws for that matter. Here, Petitioner is completely unschooled in law and has relied upon layman, with no law degree, to assist him in his current legal endeavors.

Obj. at 3–4 (emphasis in original). The Court reads this to advance two arguments for equitable tolling: one based on his education and English language skills, and the other based on his *pro se* status. The Court addresses each in turn.

First, Joaquin states that his lack of education and limited English language skills presented insurmountable bars to his timely filing the Petition. Joaquin admits that although he "has no command of the English [l]anguage," "he is able to reasonably converse in English." *Id.* at 3. That is evidenced by his submission to the Court containing these objections, which successfully conveyed his arguments in English, in complete sentences, with largely appropriate grammar and diction. In analysis responsive to Joaquin's objection, the Second Circuit assessed the limited circumstances under which a prisoner's language deficiency could qualify as an extraordinary circumstance warranting equitable tolling:

[T]he proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with [the one-year AEDPA] limitations period. For the prisoner who cannot read English, the obstacle is undoubtedly serious, just as it would be for a prisoner speaking only English incarcerated in a non-English-speaking country, and can, in some circumstances, justify equitable tolling.

*Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008).

Here, it cannot be said that Joaquin "cannot read English." *Id.* Nor does he contend that he was a "prisoner speaking only English incarcerated in a non-English speaking country." *Id.* By Joaquin's own account, he is "conversant" with English, as is supported by his own *pro se* filing to the Court. This stated basis, accordingly, fails to qualify as an extraordinary circumstance, as required for equitable tolling under the AEDPA. *See Coronel v. United States*, No. 12 Civ. 8673 (SAS), 2013 WL 765321, at *2 (S.D.N.Y. Feb. 28, 2013) (rejecting equitable tolling based on petitioner's lack of English language proficiency); *Romero v. Ercole*, No. 08 Civ. 4983 (RRM), 2009 WL 1181260, at *3 (E.D.N.Y. Apr. 30, 2009) (same); *accord Bowman v. Walsh*, No. 07 Civ. 3586 (BMC), 2007 WL 2815711, at *2 (E.D.N.Y. Sept. 25, 2007) (collecting cases).

Second, Joaquin argues that he has proceeded *pro se* "in the case at bar." Obj. at 4. That is not precisely correct. As Joaquin's declaration (and the record) reflects, Joaquin previously was represented by counsel; Joaquin's initial claim was that counsel had been ineffective for not notifying him of the one-year filing deadline, a lapse Joaquin's declaration attributed to his not having paid the attorney to begin work on the submission. *See* Declaration at 6–8. And as the Report thoroughly demonstrates, attorney negligence is not, *per se*, a basis for equitable tolling. *See* Report at 9–13 (citing *Mears v. Graham*, No. 13 Civ. 8737 (AJN), 2014 WL 4060022, at *11 (S.D.N.Y. Aug. 14, 2014)). In any event, even treating Joaquin as having been wholly *pro se* at all times, the case law is not in his favor. Equitable tolling cannot "be premised on [a litigant]'s lack of education, *pro se* status, or ignorance of the right to bring a claim." *Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017); *see also Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000).

Accordingly, Joaquin's newly supplied bases for equitable tolling are without merit.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Cave's December 30, 2022

Report and Recommendation in its entirety and dismisses Joaquin's Petition as time-barred.

In addition, the Court declines to issue a certificate of appealability. Joaquin has not

made a substantial showing of a denial of a federal right, and appellate review is therefore not

warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken

in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court respectfully directs the Clerk of the Court to terminate all pending motions,

mail a copy of this decision to Joaquin at the address on file, and close the case.


SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: February 27, 2023
      New York, New York

7